563 N.W.2d 646 (1997)
Donald DURANT, et al., Plaintiffs-Appellees, Cross-Appellants,
v.
STATE of Michigan, et al., Defendants-Appellants, Cross-Appellees.
Gerald SCHMIDT, et al., Plaintiffs-Appellees, Cross-Appellants,
v.
STATE of Michigan, et al., Defendants-Appellants, Cross-Appellees,
And Consolidated Cases.
Docket Nos. 104458-104492, COA Nos. Durant-161321, Schmidt-158968 and Consolidated-93547 to 93577, 93658 and 125691.
Supreme Court of Michigan.
June 10, 1997.
*647 This Court holds that special education and special education transportation are activities or services required by state law within the meaning of Const 1963, art 9, § 29 and that defendants are required to maintain the state financed proportion of the necessary costs of special education and special education transportation. The remedy, if any, remains under consideration. This Court AFFIRMS that portion of the judgment of the Court of Appeals awarding plaintiffs their costs, including attorney fees.
We DIRECT the parties to file briefs on the following issues:
(1) Is the remedy for a violation of Const 1963, art 9, § 29 limited to declaratory judgment? Cf. Fort Zumwalt School District v. State of Missouri, 896 S.W.2d 918 (Mo.1995).
(2) If a remedy should include monetary relief:
(a) What would be a reasonable schedule of payments?
(b) To whom should the damages be paid?
 Should they be paid as a reduction in the state education tax, M.C.L. § 211.903; MSA 7.557(33), for the taxpayers in the school districts represented by plaintiff taxpayers? Cf. The provisions for excessive revenues in Const 1963, art 9, § 26, and for broadened tax base and excessive increase of valuation of property in Const 1963, art 9, § 31. The parties shall propose a reasonable figure by which to reduce the state education tax and the resultant term of years for any monetary remedy.
 Should they be paid to school districts and, if so, should the plaintiff school districts be instructed to disburse the funds to local taxpayers or otherwise appropriate the funds for the benefit of the public?
(c) Should any monetary remedy include interest and, if so, at what rate or rates and from what time? The parties shall estimate the effect on the judgment under review of each proposal.
(d) In computing the base year ratio and each subsequent year's state funding, should the state be given credit for federal funding received by the local units of government for the activity or service in question? The parties shall provide an estimate of the effect on the judgment under review of any change in the method of computing damages.
(e) Should any monetary remedy for a violation of Const 1963, art 9, § 29 be purely prospective, limited to violations which occur after a declaratory judgment on the service or activity in question, retroactive limited to these combined cases, retroactive to cases currently filed or fully retroactive?
On any of these issues, the parties may brief other alternative methods to answer the questions posed.
Plaintiffs and defendants shall file their briefs no later than 21 days after the date of the order. They may file a reply brief within 7 days of the filing of their opponents' brief. There shall be no extensions.
All other issues remain under consideration.
The opinion and judgment of the Court will follow the receipt of the supplemental briefs.